## WINTERS *v.* HUGHES.

[JANUARY TERM, 1861.]

ONE OF TWO OR MORE DEFENDANTS MAY APPEAL without being joined therein by his co-defendants, against whom no judgment or no valid judgment has been rendered.

No NOTICE OF OR BOND ON APPEAL IS REQUIRED BY THE ACT OF JANUARY 18, 1861, regulating appeals to the supreme court. This court will take cognizance of the appeal without a notice or bond, upon the filing here of a transcript of the record of the court below.

APPEAL from the second district, Carson county. The opinion states the facts.

No attorney of record for the appellant.

*J. H. Ralston,* for the respondent.

KINNEY, C. J.:

Hughes, the appellee, files the following motion to dismiss the appeal:

1. Because said judgment is joint against said Winters and Atchison, and said Atchison has not joined said Winters in prosecuting said appeal.

2. Said Winters, in his appeal bond herein filed, does not refer to or describe the judgment set out in the record, but refers to a judgment in favor of said plaintiff and against said Winters alone.

In deciding this motion, the court will consider the points separately.

Was it necessary for Atchison to unite with Winters in the appeal in order to give the court jurisdiction? The record discloses the fact that the foundation of the suit was a joint and several note executed by Atchison and Winters for the sum of fifteen thousand dollars. To secure the payment of

this note a mortgage deed was given, signed by the makers respectively, and as the note was not paid, a petition in chancery was filed to foreclose the equity of redemption of the mortgagors in the premises described. The writ was returned "served" as to Winters and "not found" as to Atchison. Winters alone appeared and pleaded to the suit. By counsel he conducted the defense, filed bills of exception in his own name, and appears to be the sole party over whom the court acquired jurisdiction.

It is now gravely asserted that he alone could not appeal, but that Atchison must join. If the court acquired no jurisdiction of the person of Atchison, he was not a party to the proceedings in court, and the decree against him is a nullity. He could not become a party in this court without being first made a party in the court below. This is not a court of original but appellate jurisdiction. A judgment must be first rendered in the court below against persons brought into court by either actual or constructive service, before such judgment can be reviewed on its merits in this court.

Is the case then properly appealed by Winters?

The organic act provides that writs of errors, bills of exceptions, and appeals shall be allowed in all cases from the final decisions of the district courts to the supreme court, under such regulations as may be prescribed by law.

While the legislature can not take away the right of appeal, it is to be regreted that no specific mode has been provided for taking the appeal. The only law on the subject is to be found on page 136 of the laws of Utah, which provided that an appeal may be taken. How, in what manner, within what time, or whether by one or all the parties aggrieved is not specified.

While writs of error may issue without the aid of a statute, appeals are purely statutory. Because the statute is silent as to the manner, this court is not deprived of the power to hear, under the organic act, if the appeal is before us. As the law now is, nothing more is necessary than obtaining the record of the court below, and filing it in this court by the party properly in court, against whom judgment is rendered.

There is no provision for praying an appeal giving notice

to the adverse party, or filing a *supersedeas* bond in order to entitle the party to the right of appeal; and as all these wholesome statutory provisions are omitted, and as the organic act has constituted this an appellate court, the court will take jurisdiction of the case, providing there is a final judgment against a party in court, and the record is in due form of law.

Such appeal is before us in this case. The error in the court below in rendering a decree against a person not in court can not prejudice Winters, who did appear and defend, or prevent him from having his rights readjudicated in this court.

Suppose the decree had been against Winters and a person deceased, could it be claimed that Winters could not appeal? If so, the organic act on this subject means nothing, and this is not an appellate court. The dead man certainly could not join in the appeal, and the judgment as to him would be void.

But according to the argument, all the co-defendants must join in order to give the court jurisdiction. How could Atchison unite when he was not in court, and by the return of the marshal not in the county? We are not inclined to controvert the doctrine that the party plaintiffs or defendants over whom the court has acquired jurisdiction, and against whom it has power to render judgment, must as a general rule join in the appeal; but even the decision cited by counsel on this point has been made upon statutes that are inapplicable to the case at bar.

But the second ground for dismissal is that Winters in his appeal bond does not describe the judgment set out in the record, but a judgment against him alone.

As we have already stated, no appeal bond was necessary to entitle Winters to the appeal.

Such bond is only necessary as a *supersedeas* to the issuance of execution; and if an improper bond has been filed, a bond reciting a different judgment than the one appealed from, the party had a right to his execution upon the judgment not set out in the bond. The bond is not essential to the validity of the appeal under the organic act and laws of Utah. Neither will the appeal stay execution in the absence of a bond; it is

not given for the purpose of taking the appeal, but to stay execution, and Winters can not be denied a hearing in this court by a misdescription of the judgment in his bond. If the court would entertain the appeal without a bond, it follows as a necessary corrollary that it will do so with a defective one.

The motion, for the reasons here given, is overruled.

CROSBY, J., concurred.